Elhannon Wholesale Nurseries, LLC v. Purzycki

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of January, two thousand twenty-one.

PRESENT: AMALYA L. KEARSE,
PIERRE N. LEVAL,
RAYMOND J. LOHIER, JR.,
*Circuit Judges*.

------------------------------------------------------------------

ELHANNON WHOLESALE NURSERIES, LLC,
D. JAMES SUTTON, RUTH SUTTON,
*Plaintiffs-Appellants*,

v.                                                    19-3390

FELICITY HARRINGTON PURZYCKI,
*Defendant-Appellee*,

JEROME CONSTRUCTION, INC., JAMES JEROME,
*Defendants*.

------------------------------------------------------------------

FOR PLAINTIFFS-APPELLANTS:   ROBIN A. FREEMAN, JR., Law
Office of Caroline S. Earle,
PLC, Montpelier, VT.

FOR DEFENDANT-APPELLEE:   No appearance.

Appeal from a judgment of the United States District Court for the District of Vermont (Geoffrey W. Crawford, *Chief Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Plaintiffs-Appellants Elhannon Wholesale Nurseries, LLC, D. James Sutton, and Ruth Sutton appeal from the September 17, 2019 judgment of the District Court (Crawford, C.J.) in favor of Defendant-Appellee Felicity Harrington Purzycki following a bench trial. Specifically, the plaintiffs-appellants challenge the District Court's (1) March 8, 2019 order denying their motion to compel, (2) July 8, 2019 findings of fact and conclusions of law, and (3) August 22, 2019 order denying their motion to amend the findings of fact and conclusions of law. We assume the parties' familiarity with the underlying facts and prior record of proceedings, to which we refer only as necessary to explain our decision to affirm.

1. Motion to Compel

We review a district court's order denying a motion to compel the production of records for abuse of discretion, mindful that a district court has broad discretion in determining the scope of discovery. See EM Ltd. v. Republic of Argentina, 695 F.3d 201, 207 (2d Cir. 2012). The plaintiffs-appellants sought production of a computer server and telephone "SIM" card in Purzycki's possession, which they believed would give them access to business records they claimed Purzycki had withheld from them.

The District Court did not abuse its discretion in denying the motion to compel. Purzycki had already produced over a thousand pages of records, and she asserted under oath that no other documents were in her possession. The primary reason the plaintiffs-appellants requested these documents was to refute an affirmative defense; the plaintiffs-appellants fail to explain why these documents remained relevant after it became clear that Purzycki was no longer pursuing that defense at trial.

2. Findings of Fact and Conclusions of Law

We turn next to the plaintiffs-appellants' challenge to the District Court's findings of fact and conclusions of law. "On appeal from a judgment after a bench trial, we review the district court's findings of fact for clear error and its conclusions of law de novo." Roberts v. Royal Atl. Corp., 542 F.3d 363, 367 (2d Cir. 2008).

The plaintiffs-appellants argue that the District Court clearly erred in crediting Purzycki's testimony that D. James Sutton was aware of the barter transaction. We "give due regard to the trial court's opportunity to judge the witnesses' credibility . . . . It is within the province of the district court as the trier of fact to decide whose testimony should be credited." Krist v. Kolombos Rest. Inc., 688 F.3d 89, 95 (2d Cir. 2012) (quotation marks omitted). We see no basis for disturbing the District Court's assessment that Purzycki's testimony was credible or its conclusion that Sutton approved the barter transaction.

We also reject the plaintiffs-appellants' argument that the District Court should have voided the barter transaction because it violated the statute of frauds. The statute of frauds is a defense against the enforcement of an oral

4

contract, but this case involves a tort action for fraud, conversion, and unjust enrichment, not the enforcement of a contract. See Statute of Frauds, Black's Law Dictionary (11th ed. 2019).

3. Motion to Amend

Finally, we review a district court's denial of a motion to amend for abuse of discretion. See Sequa Corp. v. GBJ Corp., 156 F.3d 136, 143 (2d Cir. 1998). The plaintiffs-appellants asked the District Court to delete the discussion in its findings of fact and conclusions of law relating to the production of business records, arguing that the court lacked a factual basis for the finding. We are not persuaded. The findings were supported by the trial record and were relevant to Sutton's credibility as a witness.

We have considered the plaintiffs-appellants' remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5